**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cesar Vasquez-Morales,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>    Respondent. | No. CV-15-01118-PHX-JJT<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 41) Submitted by United States Magistrate Judge David K. Duncan on June 6, 2017. In the R&R, Judge Duncan recommends that this Court deny and dismiss with prejudice Cesar Daniel Vasquez-Morales's Second Amended Petition for Writ of Habeas Corpus (Doc. 11). Petitioner timely filed objections to the R&R (Doc. 42), and Respondent Charles L. Ryan filed a response in support of the R&R (Doc. 43). Upon review of the R&R and the parties' submissions, the Court will adopt in whole Judge Duncan's recommendations and the underlying reasoning.

In the R&R, Judge Duncan classified Petitioner's claims into three distinct categories: 1) those claims that were impermissibly vague, in that they failed to meet the requirement that any habeas petition must "state the facts supporting each ground"; 2) claims constituting ineffective assistance of counsel; and 3) claims that the jury was unfairly prejudiced by the introduction of two pieces of evidence, namely his prior felony conviction and his immigration status.

Regarding the third category, the Court agrees with Judge Duncan's analysis and ultimate recommendation. Both the fact of Petitioner's prior felony conviction and his immigration status at the time were relevant at trial to proof of elements of the prohibited possessor charges then pending against him. The fact that Petitioner entered a plea of guilty to the prohibited possessor charge after commencement of trial, and after the jury had heard this evidence, does not diminish the propriety of the presentation to the jury at the time it occurred.

As to the second category – the 11 claims of action or inaction by Petitioner's trial counsel which Petitioner argues constitute ineffective assistance of counsel, and which the R&R identifies and lists – Judge Duncan again correctly reasons that, after applying the test set forth in *Strickland v. Washington*, 466 US 668, 687 (1984), the Court here cannot say that the conclusion of the Superior Court judge on post-conviction review and the Arizona Court of Appeals thereafter was both objectively deficient or caused Petitioner any prejudice.

In reviewing the first category of Petitioner's claims – comprising eight in all, which the R&R enumerates – the Court again agrees with Judge Duncan that each of these claims consists of nothing more than conclusory statements as to legal provisions, and utterly fail to provide any reviewing court with facts to support those conclusions. Pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases, the Court cannot consider these arguments, and it will not.

In his Objection (Doc. 42), Petitioner does not address or respond to any of the above recommendations or conclusions in the R&R. Instead, Petitioner simply requests the opportunity to return to state court to exhaust any unexhausted claims. First of all, as pointed out in Respondent's Response to those objections (Doc. 43), all such unexhausted claims are now procedurally barred because too much time has elapsed since the state court decisions Petitioner would revisit have become final. Any such effort therefore would be futile. Second, even if Petitioner could return to state court to exhaust any such

claims, that would fail to address the bases for the rejection of the three categories of claims as set forth above.

IT IS ORDERED adopting in whole the R&R prepared by Judge Duncan (Doc. 41), and denying and dismissing with prejudice the Second Amended Petition (Doc. 11).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because the dismissal of the motions is justified by a plain procedural bar and jurists of reason would not find the proceeding debatable.

Dated this 23rd day of August, 2017.

Honorable John J. Tuchi
United States District Judge